**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 11-04523-dd |
| Lisa Ann Lafferty, | Chapter 7 |
| Debtor. | **ORDER ON MOTION FOR SANCTIONS** |

This matter is before the Court on a Motion for Sanctions ("Motion") filed by SCBT, N.A. ("SCBT") on January 12, 2012. A hearing was held on the Motion on January 17, 2012. At the conclusion of the hearing, the Court took the matter under advisement and now issues this Order.

**FINDINGS OF FACT**

SCBT obtained a judgment against Debtor, arising from a deficiency following a commercial foreclosure proceeding. Debtor filed her chapter 7 case on July 19, 2011, and on September 4, 2011 filed a Motion to Avoid a judicial lien held on Debtor's residence by SCBT. SCBT objected to the Motion to Avoid on October 3, 2011. On September 30, 2011, Michelle L. Vieira, the chapter 7 trustee ("Trustee"), filed an Objection to Debtor's homestead exemption, to which Debtor responded on October 28, 2011. The parties requested time to engage in discovery, and on October 19, 2011, the Court entered an Order Setting Discovery Schedule, with discovery to conclude on January 13, 2012. A hearing on Trustee's Objection to Exemption was scheduled for January 17, 2012.

Debtor is the owner of real property located in Myrtle Beach, South Carolina. Debtor owns that property jointly with her ex-husband, who also has a bankruptcy case pending before this Court.[1] Debtor claims a homestead exemption in the property; however, there are questions

---
[1] In re William Raymond Lafferty, 11-04524-dd.

concerning whether the property was, or is, Debtor's residence and whether ownership in the property was at some point transferred to other individuals.

The parties requested time to exchange documents and noted that it would be necessary to take several depositions. On December 12, 2011, counsel for SCBT contacted Trustee and Debtor's attorney to schedule the depositions of Debtor and others. SCBT counsel requested that the depositions be scheduled during the week of December 26; however, Debtor's counsel responded that Debtor "had planned to be available in early Jan. , [sic] 2012 as I told her she would have to do." SCBT's Motion for Sanctions, Exhibit A. After additional discussion regarding Debtor's availability the week of December 26, Debtor's counsel stated, "I could make next week work. However, I don't believe we will be able to 'run down' the deponents by then due to holidays, short notice, etc. Therefore, Wednesday, January 11, 2012, would provide sufficient time to notice all." SCBT's Motion for Sanctions, Exhibit B. SCBT's counsel then requested that the deposition be held on January 3, 2011, to which Debtor's counsel responded, "January 3 in [Myrtle Beach] sounds fine." SCBT's Motion for Sanctions, Exhibit C.

SCBT counsel served notices of the January 3 deposition on Trustee and Debtor's attorney. SCBT counsel was notified the evening prior to the January 3 deposition that Debtor would not attend, and Debtor did not appear at the scheduled January 3 deposition. At Debtor's counsel's suggestion, the deposition was rescheduled for January 11, 2012. A few days prior to the deposition, new counsel for Debtor[2] contacted SCBT counsel and indicated that she could not get in touch with Debtor and further, that she did not believe Debtor had been properly served because the notice of deposition was only served on Debtor's attorney and not Debtor personally. Debtor did not appear for the January 11, 2012 deposition. At the hearing on Trustee's

---

[2] See Consent Order Substituting Attorney, docket #46. At the hearing on SCBT's Motion, both former and present counsel for Debtor appeared.

Objection to Exemption, scheduled for January 17, 2012, the parties agreed that Debtor's deposition would be held on February 10, 2012 in Myrtle Beach. Because the deposition had not yet been taken, the hearing on the Objection to Exemption was continued to February 21, 2012. Counsel for Debtor proffered at the hearing on the Motion that Debtor had been out of the state taking care of her mother at the times the depositions had been scheduled. He stated that Debtor's mother is terminally ill, that Debtor did not provide him with information concerning when and how Debtor could be contacted during her absence from the state, and that he had since spoken with Debtor and that she would be present for the rescheduled deposition.

## CONCLUSIONS OF LAW

SCBT's Motion requests that the Court impose sanctions against Debtor in the form of attorney's fees and costs, denial of Debtor's homestead exemption, and dismissal of Debtor's Motion to Avoid Judicial Lien. SCBT argues that these sanctions are appropriate in light of Debtor's failure to appear for both the January 3 and January 11 depositions. Debtor did not file a written response to SCBT's Motion, but at the hearing, Debtor's counsel argued that Debtor did not purposefully miss the depositions but simply was unaware of them and that although service of the deposition notice was provided in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, service on a party's attorney is only constructive notice and therefore it would be inappropriate to sanction Debtor, who did not receive actual notice of the deposition.

**I.    Service of the Deposition Notice on Debtor was proper.**

Rule 5(b)(1) of the Federal Rules of Civil Procedure states, "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." This Rule clearly provides that service on a represented party should be made on the party's attorney rather than on the party personally, and courts have found that serving a

notice of deposition on a party's attorney of record is proper and sufficient notice. *Chagas v. United States*, 369 F.2d 643, 644 (5th Cir. 1966) (citing Fed. R. Civ. P. 5(b); 4 Moore's Federal Practice 2015). *See also Collins v. Wayland*, 139 F.2d 677, 678 (9th Cir. 1944). In fact, some courts have found that service on a party personally is improper when the party is represented by an attorney. 4B Charles Alan Wright et al., *Federal Practice & Procedure* § 1145 (3d ed.).

Service on Debtor was proper and effective. While the Court understands that Debtor had family medical issues to which she had to attend, she knew of the general time frame for her deposition. Debtor cannot travel out of state and fail to provide her attorney with a way to contact her for a lengthy period of time, especially when she was aware that a hearing was scheduled in her case on January 17 and when she had been previously informed by her attorney that she would need to be available in South Carolina in early January for her deposition. No circumstances exist which render Debtor's failure to appear for her original and rescheduled depositions excusable. This matter rests not on any issue of service but rather on Debtor's withdrawal from the state, however justified, and her failure to remain in touch with her attorney at a time when litigation was pending, thereby causing unnecessary expense to the opposing party.

**II.    SCBT is Entitled to Sanctions for Debtor's Failure to Appear.**

Rule 7037 of the Federal Rules of Bankruptcy Procedure provides that Rule 37 of the Federal Rules of Civil Procedure applies in adversary proceedings. While this matter is not an adversary proceeding, Rule 9014(c) of the Federal Rules of Bankruptcy Procedure provides that unless otherwise provided in the Rule and unless otherwise directed by the Court, Rule 7037 also applies in contested matters. Thus, Rule 37 of the Federal Rules of Civil Procedure is applicable here.

Fed R. Civ. P. 37(d)(1) provides, "The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." Rule 37(d)(3) provides that the court "must require the party failing to [appear at the deposition] to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Sanctions should ordinarily be "no more severe * * * than is necessary to prevent prejudice to the movant." *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 504 (4th Cir. 1977) (quoting *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1127 (5th Cir. 1970)) (alteration original). SCBT requests in its Motion that Debtor's Motion to Avoid Judicial Lien and Debtor's homestead exemption be denied. That is a step too far at this stage in the case. However, SCBT should not suffer the expense of Debtor's absence from this jurisdiction and her failure to maintain communication with her attorney.

The Court finds that SCBT has incurred, and will incur, expenses as a result of Debtor's failure to appear and that no valid excuse exists for Debtor's failure to attend her original and rescheduled depositions and maintain communication with counsel in order to avoid cost and inconvenience to others. As a result, SCBT is entitled to recover attorney's fees and costs for preparing and arguing the Motion for Sanctions, as well as travel expenses for travel to and from the deposition which will be taken in Myrtle Beach on February 10, 2012 and any court reporter appearance fee incurred for the February 10 deposition. The Court finds that SCBT is not entitled to recover any additional fees relating to the previously scheduled depositions, as SCBT's counsel was able to take other depositions related to this case on those dates and therefore did not incur additional expenses solely relating to Debtor's deposition.

SCBT's counsel submitted an Affidavit to this Court on January 25, 2012, stating that her total fees and costs relating to the February 10 deposition are $2,046.78. This amount includes $720.00 in fees for counsel's work in drafting, filing, and arguing the Motion for Sanctions and $1,326.78 in anticipated travel costs for SCBT's counsel to attend the February 10 deposition. In her calculation of travel costs, SCBT's counsel included mileage to and from Myrtle Beach as well as attorney's fees for travel time at the rate of $200 per hour, her normal hourly rate in this matter. While counsel is entitled to attorney's fees for the time she spends traveling, this Court generally allows compensation for travel at one-half of an attorney's normal hourly rate. As a result, in addition to her mileage, counsel can receive $580 in attorney's fees for her travel time.[3] Debtor is sanctioned and must pay SCBT $1,466.78.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**01/26/2012**



Entered: 01/26/2012

$\qquad$

David R. Duncan
US Bankruptcy Judge
District of South Carolina

---

[3] $580 represents 5.8 hours round trip at $100 per hour, half of counsel's normal hourly rate.